UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRA SAVAGE,  No. 07-10436

    Plaintiff, District Judge Arthur J. Tarnow

v. Magistrate Judge R. Steven Whalen

PATRICIA CARUSO, ET.AL.,

    Defendants.
                                                   /

**REPORT AND RECOMMENDATION**

Currently before the Court is Defendants Caruso, Quinlan, and Rubitschun's May 1, 2007 *Motion to Dismiss/Summary Judgment* pursuant to Fed. R. Civ. P. 12(b)(6) and 56 [Docket #13], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that Defendants' Motion be GRANTED, and the Complaint DISMISSED WITH PREJUDICE.

**I. BACKGROUND FACTS**

Plaintiff, formerly a Michigan Department of Corrections ("MDOC") inmate, brings this action pursuant to 42 U.S.C. §1983, alleging constitutional violations related to his eligibility for parole. Convicted of property crimes, he alleges that he requested but was denied placement in MDOC's Assaultive Offender Therapy Program ("AOT"). *Complaint* at ¶¶11-12. He states that he was denied admittance because he "did not meet the criteria for

-1-

AOT." *Id*. ¶13. Plaintiff alleges that he "was denied parole on three separate occasions in 2004, 2005, and 2006 and was told at the time of the 2006 denial that "he would never be considered for parole without the completion of AOT." *Id*. ¶¶14-15. He states that the Parole Board recommended that he "obtain screening to determine the appropriateness of AOT . . . despite the fact" that Defendants Quinlan and Rubitschun, both Parole Board members, "were aware that [a] psychologist had already determined that [he] would not receive AOT." *Id*. at ¶¶16-17. Plaintiff alleges that he attempted to comply with the Parole Board's recommendation by applying for AOT participation in August, 2006, but was denied. *Id*. at ¶18. He alleges further that upon his request for clarification of the Board's decision, Defendant Quinlan indicated that he wanted Plaintiff to attend AOT. *Id*. at ¶¶19-20. Plaintiff contends that although Defendants Quinlan and Rubitschun had been informed by a third Board member that he was ineligible for AOT, they deprived him of parole "based on non-admission" to the program. *Id*. at ¶¶22-23. Plaintiff contends that starting in August, 2006, he filed administrative grievances protesting the denial of admission and unsuccessfully petitioned Defendant Caruso for intervention. *Id*. at ¶¶24-32. Plaintiff states that Defendant Rubitschun responded by acknowledging that although Plaintiff did not meet the criteria for AOT, "that the parole board could not make a rational decision without AOT" indicating that "a request was made to place [Plaintiff] in AOT." *Id*. at ¶26.

Plaintiff contends that given Defendants' insistence on the completion of "group offender therapy as a prerequisite to parole eligibility," the denial of admittance to AOT denies his "right to parole eligibility." *Id*. at ¶¶35, 42. Next, he claims that Defendants

intentionally and impermissibly restricted access to parole with the extra-statutory "therapy" requirement, resulting in the deprivation of his equal protection and due process rights. *Id*. at ¶¶43-45, 46-52, 59-64. Bringing claims against Defendants in both their official and personal capacities, Plaintiff requests injunctive and declaratory relief as well as punitive damages exceeding 100,000 dollars. *Id*. at 15.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. V. Twombley*,—U.S.—, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court set forth what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. The Court held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is *plausible* on its face." *Bell Atlantic*, at 1974 (emphasis added).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III. ANALYSIS

Defendants argue first that claims against them in their official capacity are barred by the 11th Amendment of the United States Constitution. *Docket #13* at 3. They dispute Plaintiff's claim that their actions rendered him ineligible for parole consideration, relying on accompanying documentation to show that he was in fact considered for parole in 2003, 2004, 2005, and 2006. *Id*. at 3-4. Defendants also contend that Plaintiff's claim that participation in AOT was a prerequisite for parole is without merit because he was approved for parole on December 7, 2006 without having attended AOT. *Id*. at 5. They also argue that Plaintiff's constitutional claims are fatally undermined by the fact that he has no liberty interest in being paroled, contending that even in the presence of a constitutional violation, they are entitled to qualified immunity *Id*. at 5-7. Finally, Defendants submit that because

Plaintiff has failed to allege that he is a member of a protected class, his equal protection claims must be dismissed. *Id.* at 7-8.

### A. Official Capacity Claims

Generally, claims against defendants in their official capacities, *i.e,* in their capacity as agents of the state under 42 U.S.C. § 1983, are subject to dismissal on the basis of the immunity granted by the Eleventh Amendment. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Nonetheless, "immunity does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law." *Ernst v. Rising,* 427 F.3d 351, 358-359 (6th Cir.2005); *Ex parte Young,* 209 U.S. 123, 155-56, 28 S.Ct. 441, 452, 52 L.Ed. 714 (1908). Moreover, official capacity claims do not falter on a defendant's lack of personal involvement. "Official capacity suits, generally represent only another way of pleading an action against an entity of which an officer is an agent ." *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1245 (6th 1989); *Kentucky v. Graham,* 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). *See also Miller v. Calhoun County,* 408 F.3d 803, 817 (6th Cir.2005) ("Accordingly, as it appears that [defendants] are being sued in their official capacities, we treat the claims against them as being claims against the County.")

Accordingly, although Plaintiff's claims for damages cannot proceed against Defendants' in their official capacity, his injunctive claims are not barred by the 11th Amendment. However, Plaintiff's injunctive requests are dismissible on other grounds. The injunctive relief sought by Plaintiff, including a declaratory judgment "that Defendant's

exceeded their authority by placing a restriction" on his parole eligibility as well ordering "Defendant[]s to hold a parole hearing as soon as possible," has been mooted by the fact that he has since been released from MDOC custody, mandating dismissal of his claim for injunctive relief. "A prisoner's claims for injunctive relief are mooted upon that prisoner's release or transfer." *Goldsborough v. Carlson,* 863 F.2d 48 (6th Cir.1988). Likewise, in *Lavado v. Keohane,* 992 F.2d 601, 605 (6th Cir.1993) ( *citing Preiser v. Newkirk,* 422 U.S. 395, 402-03, 95 S.Ct. 2330, 2334-35, 45 L.Ed.2d 272 (1975)), the court held that "the issue of declaratory relief became moot when [the plaintiff] was released from prison." Because "a federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them,'" this Court will not consider Plaintiff's injunctive claims. *Preiser, supra,* 422 U.S. at 401-402, 95 S.Ct. at 2334 *(citing North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971).

**B. Plaintiff Has Failed to Show Either Due Process or Equal Protection Violations.[1]**

First, Plaintiff's implied argument that Michigan's parole statutes, MCL § 791.232 *et. seq,* create a liberty interest has been rejected by the Sixth Circuit, which held that

---

[1] In the absence any constitutional violations, the Court need not consider Defendants' alternative argument that they are entitled to dismissal on the basis of qualified immunity. *Docket #13* at 7.

"procedural statutes and regulations governing parole do not create federal procedural due process rights," along with the finding that "[t]he Michigan procedural limitations do not detract from the broad powers of the Michigan authorities to deny parole." *Sweeton v. Brown* 27 F.3d 1162, 1164 -1165 (6th Cir. 1994). The *Sweeton* court also found that as "long as the parole discretion is broad, as in Michigan, 'the State has not created a constitutionally protected liberty interest' by enacting procedural rules." *Id.*; *Olim v. Wakinekona,* 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983). "In Michigan, the decision to release a prisoner on parole is a discretionary decision of the parole board." *Juarez v. Renicom* 149 F.Supp.2d 319, 322 (E.D.Mich. 2001)(internal citations omitted). "The Michigan parole statute does not create a right to be paroled." *Id.*; *Hurst v. Dep't of Corr. Parole Bd.,* 119 Mich.App. 25, 28-29, 325 N.W.2d 615, 616 (1982).

The *Sweeton* court, noting that "the doctrine of federalism . . . discourages constitutionalizing state regulatory procedures," found that improperly interpreting state statutes to create liberty interests would "discourage[] [states] from laying down reasonable and useful rules to govern the conduct of their own affairs for fear that those rules would subject them to jurisdiction and penalties in federal courts." *Sweeton,* 27 F.3d at 1165.

In addition, Plaintiff's claim that he was unfairly denied parole on the basis of non-participation in AOT founders on the fact that he was approved for parole on December 7, 2006 and released on May 1, 2007. *Docket #13*, Exhibit A at 3; *See also Docket #14*. Further, even assuming that a constitutional violation could be construed from premising a

parole grant on participation in a program unavailable to a prisoner, such is not the case here. The fact that Plaintiff did not participate in AOT did not prevent the Parole Board from granting parole as of May 1, 2007.

Although Plaintiff contends that his *earlier* parole denials were based on his non-participation in AOT, Defendant Quinlan has stated that although he was aware that Plaintiff had been found ineligible for AOT, he "expressed . . . interest in" Plaintiff's enrollment in AOT based on his "assaultive criminal history" prior to his recent conviction. *Docket #13*, Exhibit B at ¶7. Defendant Rubitschun, noting similar concerns with Plaintiff's criminal history, which included sexual assaults and armed robbery, has stated that in the interest of public safety, the Parole Board submitted a written request for Plaintiff's placement into AOT. *Id.*, Exhibit C at ¶¶9-10. However, neither of these Defendant's affidavits suggest that Plaintiff's parole denials were the result of on his non-participation in AOT.

In addition, because Plaintiff has failed to allege that prison officials discriminated against him because of race, religion, or gender, his equal protection claims should also be dismissed. In order to survive summary judgment, a claimant must present evidence that he was "denied equal protection of the law based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Bass v. Robinson,* 167 F.3d 1041, 1050 (6th Cir. 1999). *See also Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 312 (6th Cir. 2005); *Vacco v. Quill,* 521 U.S. 793, 799, 117 S.Ct. 2293, 138 L.Ed.2d 834 (1997). Further, "a person bringing an action under the Equal Protection Clause must show intentional

discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Id.* Plaintiff's equal protection claims, construed to state that his inmate status conferred "class" protection, must also fail. Prison inmates do not constitute a suspect class for equal protection purposes, nor is parole a fundamental right. *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).

## IV CONCLUSION

For the reasons set forth below, I recommend that Defendants' Motion to Dismiss/Summary Judgment [Docket #13] be GRANTED, and that the Complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                              s/R. Steven Whalen
                                              R. STEVEN WHALEN
                                              UNITED STATES MAGISTRATE JUDGE

Dated: February 20, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 20, 2008.

                                              s/Susan Jefferson
                                              Case Manager