# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IRA SAVAGE,

           Plaintiff,                  Case Number: 07-10436

v.                                        Honorable Arthur J. Tarnow

PATRICIA CARUSO, et al.,           Magistrate Judge R. Steven Whalen

           Defendants

_____/

## ORDER TREATING PLAINTIFF'S OBJECTIONS [DE 25] AS MOTION FOR RECONSIDERATION AND DENYING RECONSIDERATION, GRANTING DEFENDANT'S MOTION TO DISMISS/SUMMARY JUDGMENT [DE 13], AND DISMISSING CASE

      Before the Court are Plaintiff's Objections to Magistrate Judge Whalen's Report and Recommendation ("R&R") filed February 20, 2008. This Court had previously adopted the R&R, noting Plaintiff's failure to file objections. It granted Defendants' Motion to Dismiss, and entered Judgment for Defendants.

      However, on Plaintiff's demonstration of good cause, the Court granted an extension of time to object to the R&R. The Order granting the extension [DE 24] noted that Plaintiff's Objections would be treated as a Motion for Reconsideration of the March 13, 2008 order, pursuant to Local Rule 7.1(g).

      Local Rule 7.1(g) requires a movant to identify a palpable defect, and to demonstrate that a different disposition would result from its correction. *Id.* 7.1(g)(3). No such defect has been identified by Plaintiff's Objections.

      The Court has again reviewed Magistrate Judge Whalen's Report and Recommendation [DE 20], the relevant pleadings, and Plaintiff's Objections. In addition to Plaintiff's failure to identify a defect, for the reasons stated below, the Court continues to agree with the Report and Recommendation.

      First, Plaintiff argues that his prayer for declaratory relief is not mooted by being granted

parole, because release on parole does not cure his injuries prior to release. However, the declaratory judgment sought (that "Defendants exceeded their authority" and that "Defendants' programs are void of rules and procedures," *inter alia*) do nothing to redress Plaintiff's injury. *See National Rifle Ass'n of America v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997) ("Article III standing requires a litigant to have suffered an injury-in-fact, fairly traceable to the defendant's allegedly unlawful conduct, and *likely to be redressed by the requested relief.*") (citation omitted) (emphasis added)).

Furthermore, an action for declaratory judgment requires the case or controversy to exist at the time it is being addressed.

> A court looks not to whether the parties once satisfied the requirement, but whether there is an existing case or controversy. *See Golden v. Zwickler,* 394 U.S. 103, 108, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969) ( "The proper inquiry [is] whether a 'controversy' requisite to relief under the Declaratory Judgment Act exist[s] at the time of the hearing [on the claim for declaratory judgment]. " ); *Midwest Media Property, L.L. C. v. Symmes Tp., Ohio*, 503 F.3d 456, 460 (6th Cir.2007) ( "Even when an action presents a live case or controversy at the time of filing, subsequent developments ... may moot the case." ); *Schepp v. Fremont County,* 900 F.2d 1448, 1452 (10th Cir.1990) ( "In determining whether [the plaintiff] is entitled to declaratory relief, we look beyond the initial controversy which may have existed at one time; rather, we must decide whether ... there is a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.").

*City of Parma, Ohio v. Cingular Wireless, LLC*, 2008 WL 2178108, 5 (6th Cir. May 23, 2008). Magistrate Judge Whalen is correct that Plaintiff's release on parole moots his case, because it eliminates a "live case or controversy."

Second, Plaintiff has no equal protection claim as to his eligibility for the parole process. He has asserted no membership in any class which is treated disparately. "Different treatment is the initial element of an equal protection violation." *Bannum, Inc. v. City of Louisville, Ky.*, 958 F.2d 1354, 1359 (6th Cir. 1992) (citing *Mackenzie v. City of Rockledge*, 920 F.2d 1554, 1559 (11th Cir.1991)). Plaintiff has not answered the question, "different from whom?"

Stated another way,

> Fatal to [plaintiff's] allegation is the fact that there is no claim that [plaintiff] was victimized because of some suspect classification, which is an essential element of

2

an equal protection claim. Even assuming there was an unjustified action taken against [plaintiff] this single action, without more, cannot form the basis of an equal protection claim.

*LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1111 (6th Cir. 1995) (quoting *Booher v. United States Postal Service*, 843 F.2d 943 (6th Cir.1988)) (alterations in original).

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Objections [DE 25], here treated as a Motion for Reconsideration of the adoption of the Report and Recommendation [DE 20], are DENIED.

IT IS FURTHER ORDERED that Defendant's motion to dismiss/summary judgment [DE 13] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

SO ORDERED.

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: August 7, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 7, 2008, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager